990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel G. CHIA, Plaintiff-Appellant,
v.
MOTOROLA COMMUNICATIONS, INC., Defendant-Appellee.
 No. 92-16248.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel G. Chia appeals pro se the district court's dismissal of his action against Motorola Communications & Electronics, Inc. ("Motorola") on res judicata grounds. In his complaint, Chia alleges that employees of Motorola caused him to lose his job with the Department of Interior through fraud, misrepresentation and other tortious acts. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the dismissal of an action on res judicata grounds. See Clark v. Bear Streans & Co., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 II
 Merits
 
 5
 "Res judicata bars all grounds for recovery which could have been asserted, whether they actually were or not, in a prior suit between the same parties on the same cause of action." See id. To determine whether a successive suit involves "the same cause of action, we consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Id. The final criterion is the most important. C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987).
 
 
 6
 On January 3, 1991, Chia filed his first action, Chia v. Motorola Communications & Elecs., Inc., No. C-91-0021-JPV (N.D.Cal. Jul. 18, 1991) ("Chia I "), based on RICO and 18 U.S.C. § 1001 violations. In Chia I, Chia alleged that Motorola through its employees had given misinformation to the Department of Interior regarding the operation and maintenance of a radio system and that these actions had resulted in the loss of Chia's job as an electronics journeyman. The district court dismissed the action. Chia filed several motions for reconsideration, but all were denied by the district court and no appeal was taken. Chia then filed a new complaint ("Chia II ") seeking relief sounding in tort based on the same nucleus of facts presented in Chia I.
 
 
 7
 Here, Chia II is an attempt to relitigate claims which were or could have been raised in Chia I. See Lemos, 832 F.2d at 1099-1100. Because these claims arise from the same transactional nucleus of facts, the district court properly dismissed the action on res judicata grounds. See id.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Chia contends on appeal that the district court erred by not vacating Chia I for fraud pursuant to Fed.Civ.P. 60(b)(3), this contention lacks merit. To prevail on a 60(b)(3) motion, Chia must show that the fraud perpetrated on the court involves "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Toscano v. Commissioner, 441 F.2d 930, 934 (9th Cir.1971) (quotations omitted). Here, the district court did not abuse its discretion in finding that Chia has failed to meet his burden